# CIRCUIT COURT OF THE CITY OF ROANOKE

Andre Bahdio

v.

Linda Balentine

May 4, 2001

Case No. CH99-319

BY JUDGE ROBERT P. DOHERTY, JR.

This matter is before the Court on two separate motions filed by Bahdio, a Motion for Summary Judgment and a Motion to Dismiss for lack of standing. In response to the second motion, the Court ordered the parties to join Mr. Leake, the trustee in Balentine's bankruptcy proceedings.

The facts, as agreed by the parties, show that Balentine filed Chapter 7 bankruptcy with her husband in 1992. During the bankruptcy, Balentine owned a parcel of land in Costa Rica. She did not list the land as an asset in the bankruptcy proceeding. Subsequently, she sold the land and loaned the proceeds to Bahdio for the purchase of a residence. The parties signed a contract in which Bahdio promised to repay the $34,000.00 loan, with interest, to Balentine when he sold his residence. Bahdio has since sold his residence but has not paid Balentine the $34,000.00, plus interest. In 1996, Bahdio entered into an agreement with Balentine wherein Balentine agreed to pay Bahdio fifty percent of a licensing fee and fifty percent of future royalties related to a patented etching business in exchange for use of Bahdio's residence and equipment while pursuing the etching business. Bahdio claimed he was owed at least $12,500.00 in royalties.

In April 1999, Bahdio filed a Bill of Complaint against Balentine requesting an accounting of royalties, a determination of whether Balentine is still pursuing the business related to the patented etching process, and a judgment in the amount of fifty percent of the accounted royalties. In October 1999, Balentine filed a Third-Party Motion for Judgment, which the Court will

treat as a cross-bill for purposes of this motion, to recover the $34,000.00 she loaned to Bahdio in 1993. Balentine also seeks $9,000.00 plus interest from Bahdio's company, Woodpecker Products, Inc., for alleged contributions owed on utility bills paid by Balentine. In October 1999, the Court entered partial judgment for Bahdio in the amount of $12,500.00, and granted Balentine's motion to file a cross-bill. In December, Bahdio moved to dismiss the Third-Party Motion for Judgment on the grounds of lack of standing.

In February 2000, the bankruptcy Trustee was joined. He petitioned the bankruptcy court to reopen Balentine's bankruptcy case. The Trustee, after having traced the sale proceeds of the Costa Rica real estate to Bahdio, requested permission to either compromise the claim for the sale proceeds against Bahdio upon payment of monies by Bahdio to the bankruptcy estate or, alternatively, to sell the claim against Bahdio to a third party. The bankruptcy court conducted an auction and received the highest bid from Balentine to purchase the claim against Bahdio. The bankruptcy court then authorized the Trustee to assign the claim to Balentine.

Bahdio states that the claim is improperly before this court because Balentine has no cause of action against Bahdio. Bahdio further argues that the Costa Rica property was never divulged to the bankruptcy court and, therefore, it is not "abandoned" property. The Court finds that the Costa Rica property was, at the time of its sale, an asset of the bankrupt estate from which creditors could have been paid. See 11 U.S.C. § 544(d). Therefore, the right to sell the property belonged to the Trustee, who was not afforded that opportunity because Balentine failed to disclose the property. The right to the proceeds from the sale of the property belonged to the bankruptcy estate. The right to assert the cause of action belonged to the Trustee, who, by statute, had been given the power to sue and be sued on behalf of the estate. See *Nat'l American v. Ruppert Landscaping, Inc.*, 187 F.3d 439, 441 (4th Cir. 1999) (if a cause of action is part of the estate of the bankrupt then the Trustee alone has standing to bring that claim.)

Upon the receipt of the $34,000.00 loan that came from the sale of the Costa Rica property, Bahdio, who was aware of the bankruptcy proceedings, became the custodian of these sale proceeds. The Trustee had a cause of action against Bahdio to recover those funds. Balentine purchased the right to pursue the cause of action against Bahdio, and is now an assignee of the Trustee. She stands in the shoes of the Trustee and has the same right as the Trustee in bankruptcy had against Bahdio immediately prior to the assignment. See *United Va. Bank v. Cleveland*, 53 B.R. 814 (Bankr. E.D. 1985). Although it may have been appropriate at one time to require the Plaintiff to file this suit in bankruptcy court, it is clear from the record that neither the Trustee nor the

bankruptcy court has any further interest in the claim. Since it no longer affects the debtor-creditor relations, it is permissible for this Court to hear the contract case filed by Bahdio against Balentine. See *Nelson White Constr. Mgt. Corp. v. McConaghy*, 15 Bankr. 480 (1981). The assignee or beneficial owner of any other chose in action, not negotiable, may maintain in his own name any action which the original obligee, payee, or contracting party might have brought, as authorized by Section 8.01-13, Code of Virginia (1950), as amended. Balentine is properly before this Court on the basis of a cross-bill filed against Bahdio. The Motion for Summary Judgment and the Motion to Dismiss are both denied.

Balentine may amend her pleadings within thirty days from the date of this letter opinion to reflect her purchase of the bankruptcy court's claim against Bahdio.